The CRANE COMPANY, Appellant,

v.

Mrs. Pervie C. SIMPSON, Sr., Appellee.
No. 12909.

United States Court of Appeals
Sixth Circuit.

March 6, 1957.

Milligan & Milligan, Jere T. Tipton, of Miller, Martin, Hitching & Tipton, Chattanooga, Tenn., for appellant.

Van Derveer & Parks, Chattanooga, Tenn., for appellee.

Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

The appellee's husband fell to his death by stepping through a skylight on the roof of appellant's foundry. Deceased along with other employees of an independent contractor was engaged in installing a sand elevator inside a raised penthouse structure located on the roof of the building. It became necessary to temporarily halt work inside the penthouse while carpenters inspected some beams which had begun cracking and popping under the weight of a fifteen hundred pound pulley which the men had been lifting to the top of the elevator shaft. As the inside of the penthouse was hot and full of fumes, the deceased and the rest of the crew went outside onto the main roof to get some fresh air.

Along each of two sides of the penthouse was a row of skylights. In many of the skylights the glass had been replaced with metal, and all of them were so covered with cinder dust that it was impossible to tell which ones were still glass. Each of the decedent's co-workers testified that it was impossible to distinguish the skylights from the rest of the roof.

The workmen climbed to the top of the penthouse which was four feet above the main roof. The deceased, while conversing with a fellow worker, sat on the edge of the penthouse roof with his feet resting on a skylight. When he stood up, the skylight gave way, and he fell to his death.

Appellee recovered a jury verdict in the district court, and appellant claims that error was committed in not directing a verdict in its favor, contending

 

that as a matter of law the deceased was only a licensee to whom it owed no duty of ordinary care once he climbed to the top of the penthouse away from the working area, where the appellant could not reasonably expect him to go, and that in any event the deceased was guilty of contributory negligence as a matter of law. Under the circumstances, we are of the opinion that these were factual questions for determination by the jury, to whom they were submitted under proper instructions by the district judge.

The judgment of the district court is affirmed.